UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jennifer Ringley, | ) | C/A: 4:17-395-RBH-TER |
|          Plaintiff, | ) | |
| | ) | Order |
| vs. | ) | |
| | ) | |
| Horry County Council, | ) | |
| Harold Worley, | ) | |
| Mark Lazarus, | ) | |
| Bill Howard, | ) | |
| Jimmy Washington, | ) | |
| Gary Loftus, | ) | |
| Tyler Servant, | ) | |
| Cam Crawford, | ) | |
| Harold Phillips, | ) | |
| Johnny Vaught, *et al.*, | ) | |
| | ) | |
|          Defendants. | ) | |

This is an action filed by a *pro se* non-prisoner litigant. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

Plaintiff is associated with a group of Plaintiffs who claim prior employment with or ownership of the business Skydive Myrtle Beach. These individuals each filed actions based on the same claims and facts against the same sixty-six defendants. *See Davis v. Horry County Council, et al*, No. 4:17-391-RBH-TER; *Herdt v. Horry County Council, et al*, No. 4:17-392-RBH; *Karahalios v. Horry County Council, et al*, No. 4:17-393-RBH-TER; *Ringley v. Horry County Council, et al*, No. 4:17-395-RBH-TER; *Holly v. Horry County Council, et al*, No. 4:17-396-RBH-TER; *Herzog v. Horry County Council, et al*, No. 4:17-398-RBH-TER; *Boulineau v. Horry County Council, et al*, No. 4:17-394-RBH; *Dron, et al v. Horry County Council, et al*, No. 4:17-397-RBH; *Bracey, et al v. Horry County Council, et al*, No. 4:17-399-RBH-TER; *Guillen v. Horry County*

*Council, et al*, No. 4:17-400-RBH; *Clarke v. Horry County Council, et al,* No. 17-401-RBH-TER.

Numerous motions, both dispositive and non-dispositive, have been filed in this action. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.

**Plaintiff's Motion for Settlement (ECF No. 51)**

Plaintiff asks the court to order the parties to a settlement conference "as soon as the summary judgment stage has commenced" to try and resolve this case. At this stage of the litigation, multiple Defendants who have made an appearance have filed motions to dismiss. If this action survives some or all of those motions, a scheduling order will be entered along with an order to conduct mediation. As such, this motion is denied as premature.

**Plaintiff's Motions for Leave to File Excess Pages (ECF Nos. 54, 69)**

Plaintiff moves for leave to file excess pages with respect to her responses to the motions to dismiss and her own motion for summary judgment. Pursuant to Local Civil Rule 7.05(B), D.S.C., "no memorandum shall exceed thirty-five (35) double-spaced pages, in the case of an initial brief of any party," which includes both motions and responses. Plaintiff's Motion for Summary Judgment (ECF No. 56) does not exceed thirty-five pages. Thus, her second motion (ECF No. 69) is moot. Plaintiff's only response to Defendants' motions to dismiss to exceed thirty-five pages is ECF No. 89, which is thirty-eight pages. Thus, her first motion (ECF No. 54) is granted as to ECF No. 89 and moot as to her remaining response (ECF Nos. 72).

**Defendants Richard Allen, Jack Griffin, Glenn Ray, Robinson Aviation, Bill Tiller, Phill Zell's Motion for Discovery Under Rule 56(d) (ECF No. 60) and Defendant Horry County Council's Motion to Stay (ECF No. 68)**

Plaintiff filed a Motion for Summary Judgment (ECF No. 74). In response, Defendants

Richard Allen, Jack Griffin, Glenn Ray, Robinson Aviation, Bill Tiller, Phill Zell (Robinson Aviation Defendants) filed a motion pursuant to Fed.R.Civ.P. 56(d), indicating that Plaintiff's motion was premature and asking that the court either deny the motion as such or, in the alternative, defer ruling on the motion and permit time for limited discovery prior to requiring a response to the motion. The court notes that several motions to dismiss are currently pending in this case and a scheduling order has not yet been entered. As such, Plaintiff's motion for summary judgment is premature. Accordingly, Defendant's motion is granted and Plaintiff's motion for summary judgment is denied as premature with leave to refile following the completion of discovery. For the same reasons, Plaintiff's Supplemental Motion for Summary Judgment (ECF No. 81) is denied as well.

Likewise, Defendant Horry County Council's motion to stay deadlines and the entry of a scheduling order is granted as to his request to stay the entry of a scheduling order. Other deadlines that may arise, such as deadlines to respond to motions or other deadlines established by the court, are not stayed.

**Conclusion**

For the reasons discussed above,

- Plaintiff's Motion for Settlement (ECF No. 51) is **DENIED** as premature;

- Plaintiff's First Motion for Leave to File Excess Pages (ECF No. 54) is **GRANTED**;

- Plaintiff's Motion for Summary Judgment (ECF No. 56) is **DENIED** as premature with leave to refile following the completion of discovery;

- Defendants Richard Allen, Jack Griffin, Glenn Ray, Robinson Aviation, Bill Tiller, Phill Zell's Motion for Discovery Under Rule 56(d) (ECF No. 60) is **GRANTED**;

- Defendant Horry County Council's Motion to Stay (ECF No. 68) is **GRANTED**;

- Plaintiff's Second Motion for Leave to File Excess Pages (ECF No. 69) is **MOOT**; and

- Plaintiff's Supplemental Motion for Summary Judgment (ECF No. 81) is **DENIED** as premature with leave to refile following the completion of discovery.

**IT IS SO ORDERED**.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 13, 2017
Florence, South Carolina